

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 2, 2013**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| **HATTIE WATSON DICKERSON,** § | Case No. 13-32935-HDH-7 |
| § | |
| **Debtor.** § | |
| § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DISMISSAL

The Debtor filed a previous Chapter 13 case, No. 12-30744, which was dismissed with prejudice to refiling another case under any chapter of the Bankruptcy Code for 180 days from April 19, 2013. This Chapter 7 case was filed by the Debtor, pro se, on June 4, 2013, during this prejudicial period.  The Court held a show cause hearing as to why the Debtor should not be held in contempt and her case dismissed on June 28, 2013, because the Court was concerned that the Debtor had intentionally violated the earlier dismissal order in an effort to stop a foreclosure on her real property.

At the hearing the Debtor appeared and explained that she thought she was only precluded from filing a Chapter 13 case.  However, the language of the dismissal order is clear

that she may not file a bankruptcy case under any chapter for a period of 180 days. That order was mailed to the Debtor and sent to her counsel and it became final. The Debtor sought to set it aside, and though such motion was untimely, the Court held a hearing, but denied the relief sought. Thus, the earlier case was dismissed with prejudice to refiling under any chapter for a period of 180 days and the Debtor clearly violated that order.

At the hearing the Debtor sought to argue why her prior case should not be dismissed. This Court has independently reviewed its docket and makes several observations: (1) the earlier case was dismissed on a motion by the Chapter 13 Trustee because the Debtor was not paying pursuant to her plan; (2) no party in interest, including the Debtor, objected to the dismissal motion, and it was entered in April and became final; (3) this Debtor has filed three chapter 13 cases and this instant chapter 7 case; therefore, it is quite likely that a party in interest would seek to dismiss the instant case for serial filing and that such motion would be granted; (4) the Debtor filed a chapter 7 case with the stated purpose of saving a piece of non-exempt property; however, under the Bankruptcy Code, this property would go to the Chapter 7 Trustee for administration and sale and would not be saved for the Debtor. Thus, the Debtor's goals would not be accomplished in a Chapter 7.

For all these reasons this court determined that the instant case must be dismissed.

###End of Findings and Conclusions###